**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAUL A. SMITH,

    Plaintiff,

vs.                                                  CASE NO. 3:08-cv-406-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AND OPINION**

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security (the Commissioner) denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income disability payments (SSI). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #20, Plaintiff's Brief).[1] Defendant filed his brief in support of the decision to deny disability benefits (Doc. #21, D's Brief). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated August 13, 2008 (Doc. #19). The Commissioner has filed the transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **REVERSED and the case is REMANDED for**

---

[1] Hereafter, the Court will identify Plaintiff's brief as "P's Brief" and Defendant's brief as "D's Brief."

**further proceedings**.

## I. Procedural History

In the instant action, Plaintiff protectively filed applications for DIB and SSI on September 7, 2005, alleging an onset of disability of November 27, 2004 (Tr. 74, 81, 789). Plaintiff's applications were denied initially and upon reconsideration. Thereafter, Plaintiff timely requested a hearing, which was ultimately held on June 18, 2007, in Gainesville, Florida before administrative law judge (ALJ) Douglas A. Walker (Tr. 897-930). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Mr. V. David Pigue. Plaintiff's current counsel of record, attorney F. Emory Springfield, also represented him during the underlying administrative proceedings (Tr. 64). The ALJ issued his decision denying Plaintiff's claims for DIB and SSI on August 23, 2007 (Tr. 10-21). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 6-9). Thus, the hearing decision became the final decision of the Commissioner. Thereafter, Plaintiff filed the instant complaint in federal court on March 17, 2008 in the Northern District of Florida, Gainesville Division (*see* Doc. #1). The action was transferred to the Middle District of Florida, Jacksonville Division on April 22, 2008 (*see* Docs. #1, #2).

## II. Social Security Act Eligibility and the Standard of Review

Plaintiff is entitled to disability benefits if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12

months. 20 C.F.R. §§ 404.1505, 416.905.[2] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability insurance benefits are identical to those governing a claim for supplemental security income disability payments. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court

---

[2]Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition.

must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### III. Relevant Background and Analysis

Plaintiff was born August 15, 1948 (Tr. 74, 789). Thus, at the time of the ALJ's decision Plaintiff was fifty-nine (59) years old. According to Plaintiff's testimony, he graduated from high school and attended a significant amount of college (Tr. 902-03).

Plaintiff has past relevant work as a carpenter and construction worker, a park ranger, a groundskeeper in an industrial community, a security guard, a warehouse manager, a building maintenance repairman, and an associate at Wal-Mart where he worked as a stock clerk (Tr. 830-34, 893).

Plaintiff states in his Disability Report - Adult that he suffers from stress, anxiety and depression that limit his ability to work (Tr. 85). On February 15, 2006, Plaintiff completed an anxiety attacks questionnaire in which he reported he has anxiety attacks a minimum of twice per week and that "these attacks cause me to withdraw from everyone" (Tr. 109-110).

Plaintiff argues four issues on appeal (*see generally*, P's Brief). First, Plaintiff asserts the overall decision of the Commissioner is not supported by substantial evidence. Second, Plaintiff claims the ALJ applied the wrong legal standard in evaluating the medical evidence by having given little or no weight to Plaintiff's treating physicians. Third, Plaintiff argues the ALJ applied the wrong legal standard in failing to give great weight to the Veterans Administration's (VA) award of disability benefits to Plaintiff. Finally, Plaintiff asserts the ALJ applied the wrong legal standard in making his credibility findings concerning the Plaintiff.

Defendant counters by arguing the overall decision is in fact supported by substantial evidence (D's Brief, *in general*). More particularly, Defendant asserts the ALJ's residual functional capacity assessment of Plaintiff's ability to do work related activities and the hypothetical questions asked of the VE during the hearing are supported by the only two physicians in the record who offered specific opinions about Plaintiff's mental abilities and limitations; those "physicians" are identified as the two state agency psychological

consultants (D's Brief at 4-7).³ Defendant further argues the award of disability benefits from the VA contains no information that suggests the ALJ failed to fully account for Plaintiff's mental impairments in the RFC finding and the ALJ's reasons for finding Plaintiff not totally credible are supported by substantial evidence (*see* D's Brief at 13-18).

Although Defendant's arguments are somewhat persuasive, the Court finds the arguments overlook flaws in the ALJ's decision and such flaws require the case be remanded for reconsideration. Specifically, the Court's independent review of the record as a whole, as required under *Bloodsworth v. Heckler*, 703 F.2d at 1239, reveals the ALJ has misstated the record on a number of points, has failed to articulate supportive record evidence when making his findings of fact, and improperly engaged in sit and squirm jurisprudence when determining Plaintiff's credibility. Further, the ALJ's decision fails to indicate whether the ALJ gave any weight to the VA's determination that Plaintiff qualified for a non-service connected disability pension effective July 24, 2006 (*see* Tr. 17, 22-33). Thus, the ALJ's decision was not reached in accordance with the Regulations and the law of this circuit, and is not supported by substantial evidence.

Because this case must be remanded for the above cited reasons, the Court finds it unnecessary to address the other issues raised by Plaintiff.

***Overall Evaluation of the Medical Evidence***

Consideration of all the medical evidence of record is mandated so that the ALJ can accurately determine a claimant's RFC and thereby determine if the claimant can return to

---

³Dr. Steven Wise, Psy.D., reviewed Plaintiff's medical records on November 8, 2005 (Tr. 393-410), and Dr. Val Bee, Psy.D., reviewed Plaintiff's records on February 23, 2006 (Tr. 761-78).

past relevant work.  *See* 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945.  The focus of a residual functional capacity determination is on the objective medical findings made by a plaintiff's doctors and their analysis based on those findings. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  An ALJ may not pick and choose which evidence he considers in making the disability determination.  *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).  The plaintiff has the burden of providing the medical and other evidence about his or her impairments for the ALJ to use in reaching his conclusions.  20 C.F.R. §§ 404.1512(a), 416.912(a).  The Regulations direct the administrative law judges to "consider all evidence in [the claimant's] case record when [making] a determination or decision whether [the claimant is] disabled."  20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).

In the instant action, Plaintiff has provided a plethora of record evidence, but the ALJ's decision is devoid of reference to the majority of the medical evidence of record. Review of the decision reveals there is no specific mention of any of Plaintiff's numerous treating and consulting physicians and psychiatrists, nor is there reference to the vast majority of the actual progress notes and other evidence contained in the record.  While the lack of reference to specific record evidence may not warrant remand standing alone, as discussed *infra*, there are additional errors that when considered together require remand.

Plaintiff has not directly challenged the accuracy of the assessed residual functional capacity, but has noted the misstatements of the record contained within the ALJ's decision to deny benefits and has challenged the ALJ's consideration of the medical evidence from Plaintiff's treating physicians (*see* P's Brief in general). The Court's review of the decision and underlying administrative record confirms the ALJ's decision contains a number of

7

misstatements and there is a conspicuous lack of reference to record evidence in the decision.[4]

The Court's independent review of the record reveals Plaintiff's complaints of mental impairments have waxed and waned since 1991.[5] Plaintiff was repeatedly given the same,

---

[4]The Court would also note Plaintiff's counsel has misstated the standard of review by which this Court is bound. Plaintiff's counsel asserts, "The decision is not supported by substantial evidence. To the contrary, the substantial evidence proves Plaintiff's entitlement to disability benefits." (P's Brief at 1; *see also* P's Brief at 9-10.) Even if substantial evidence may exist in the record to support Plaintiff's claims of disability, the Court is prohibited from weighing the evidence and must review the record to determine if substantial evidence exists to support the Commissioner's determination that Plaintiff is not disabled with the meaning of the Social Security Act. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986). In conducting this review, the Court considers the record as a whole and scrutinizes the ALJ's decision to determine whether the proper legal standards were applied. *Id.*

[5]Plaintiff's treatment records from the VA Medical Center in Augusta, Georgia span 1991 through 2000 (Tr. 137-385). Plaintiff appears to have been routinely seen for his mental impairments during this period of time and was voluntarily admitted to the mental wards of the hospital for short stays on three occasions (*see, e.g.*, Tr. 137-98: hospitalization from March 11, 1991 to March 21, 1991; Tr. 229-323: hospitalization from July 16, 1998 to July 31, 1998; and, Tr. 324-85). Plaintiff's diagnoses during these hospitalizations included anxiety disorder NOS, adjustment disorder with depressed mood, adjustment disorder with mixed anxiety and depression, polysubstance abuse and alcohol abuse (Tr. 137, 229, 324). However, none of Plaintiff's treating medical sources reported any limitations on Plaintiff's ability to work, and in fact on discharge from the 2000 hospital stay, Plaintiff's treating psychiatrist, Dr. Dharm Sinha, reported Plaintiff was "considered employable" (Tr. 326). Plaintiff's earnings records and work history report demonstrate he worked for lengthy periods of time between the hospital stays (Tr. 69, 813-17, 830-34).

With Plaintiff's move from Georgia to Florida in 2003, Plaintiff resumed medical treatment at the VA Medical Center in Gainesville, Florida. Plaintiff's treatment records from this VA facility span July 2004 through March 2007 (Tr. 386-92, 411-641, 835-92). Again, Plaintiff appears to have been routinely seen for his mental impairments during this time period. Diagnoses during this time included adjustment disorder with anxiety and mood disturbance secondary to legal and family trouble, history of alcohol and cannabis abuse, adjustment disorder NOS, histrionic personality disorder and major depressive disorder (*see, e.g.*, Tr. 530, 553, 561, 866, 869-72). Plaintiff requested and was voluntarily admitted to one hospital stay for his increasing depression from January 24, 2006 to January 30, 2006 (Tr. 411-527).

8

or similar, diagnoses and treatments for his asserted mental impairments from 1991 through 2007.  *See* note 4, *supra*.  However, review of the decision finds the ALJ extensively discussed Plaintiff's testimony, but made only scant references to the medical evidence of record.  As detailed below, the ALJ's few references to the medical evidence contain errors that lead the Court to question whether the ALJ carefully considered all the evidence of record.  As noted in *Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir. 1984), the evaluation of the Court centers on the adequacy of the decision rendered by the ALJ.  "A clear articulation of both fact and law is essential to [the court's] ability to conduct a review that is both limited and meaningful."  *Id.* at 1514-15. The ALJ's decision in the instant action is not sufficient for the Court to conduct its required review.

As noted above, the Court's review of the record reveals the ALJ has misstated the record on a number of points.  For example, the ALJ states, "Significantly, the reviewing psychologist found that on July 29, 2005, the claimant was found with alcohol (ETOH) and cannabis (marijuana)." (Tr. 19.)  As Plaintiff correctly points out in his brief, the psychologist reviewing Plaintiff's medical records on November 8, 2005, actually makes the notation under Section IV, Consultant's Notes, "7/29/05 ETOH, PD NOS, DEP, CANNABI, ANXIETY DO NOS . . ." (Tr. 405).  To interpret this notation as a finding by the reviewing psychologist that Plaintiff "was found with" alcohol and marijuana is to take it out of context and is not reflective of the actual record.  The progress note dated July 29, 2005 from Plaintiff's medical records reflects a "problem list" of alcohol abuse, personality disorder NOS, depression, cannabis abuse and anxiety disorder NOS, with the notation by the examining doctor, "The patient's problem list was reviewed, updates made, and is current as of this visit." (Tr. 613-14.)  The ALJ implies the reviewing psychologist in this case made a finding

to which he, the ALJ, attached great significance, when no such finding was actually made and reasonable construction of the reviewing psychologist's notes does not support the inference drawn by the ALJ.[6]

In the next paragraph of his decision, the ALJ refers to laboratory results "on September 13, and on October 18, 2005, [that] were positive for cannabis (Exh. 8F/53-54)" (Tr. 19). While Plaintiff's urine drug screen did reflect positive test results for cannabis on two of the three dates contained within the report, the dates are actually September 13 and October 18, 2004 (*see* Tr. 580-81).[7] In the next sentence, ALJ Walker states that the "progress notes on September 12, 2005, revealed that the claimant was self-medicating through drug and alcohol abuse; and that this pattern of abuse seemed to be contributing to instability of his mood disorder (Exh. 8F/36)" (Tr. 19). In fact, the progress notes on the referenced page are dated August 31, 2005; there is a return to clinic notation on the bottom of the page that reflects the September 12, 2005 date (*see* Tr. 563).[8] Later in the same paragraph, the ALJ states "progress note narratives revealed that [Plaintiff] has a newly formed union and lives with his girlfriend, and caring for his young daughter (Exh. 8F/36); not interested in substance abuse clinic referral for treatment (Exh. 8F/94); and that

---

[6]For reasons unknown, the ALJ does not indicate consideration of the records review and assessment conducted on February 23, 2006 by Dr. Val Bee, Psy.D. (see Tr. 761-778). As Defendant notes in his brief, the assessment by Dr. Bee is detailed and extensive (*see* D's Brief at 5-7).

[7]Exhibit 8F comprises pages 528-760 of the transcript record. "Exh. 8F/53-54" corresponds to Tr. 580-81.

[8]The Court finds no merit to Plaintiff's argument that the ALJ misstated the content of these progress notes (*see* P's Brief at 4-5,11). In this instance, the ALJ has simply paraphrased the assessment of Dr. Khalil Sakalla, a consulting psychologist affiliated with the VA Medical Center (*see* Tr. 604).

10

he was working with Walmart on the side (Exh. 8F/93)." (Tr. 19.)  In fact, the progress note dated August 31, 2005 (Exh. 8F/36, Tr. 563) contains Dr. Sakalla's notation that Plaintiff reported he was "living alone with occasional visits form (sic) his girlfriend, caring for his 3-year daughter (unclear about her living arrangement to be clarified next meeting)."  The progress note dated October 25, 2004 (Exh. 8F/93-94, Tr. 620-21) reflects employment reported as "Walmart 33 hrs/week + construction on the side" and includes a notation that Plaintiff was "not interested in substance abuse referral."  Plaintiff's work history report confirms that he was working for Wal-Mart as an associate from December 2003 through November 2004 (Tr. 830).

Each misstatement of the record, when viewed in isolation, would not constitute such error as to require reversal.  However, the misstatements taken as a whole and the lack of reference to other medical evidence indicate the ALJ failed to properly consider all the evidence.  With an administrative record comprised of nine hundred and sixty (960) pages, of which approximately seven hundred and sixteen (716) pages are medical evidence, the ALJ's decision refers to only two separately dated progress notes and a single lab report contained within Veterans Administration medical records at Exhibit 8F, plus the fourteen pages that make up the Psychiatric Review Technique analysis done by a reviewing psychologist on November 8, 2005 at Exhibit 5F (*see* Tr. 19).

Clearly the ALJ is not required to specifically refer to every piece of evidence in his decision.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  The ALJ is required, however, to consider all the presented evidence in making his findings and the ultimate disability determination.  The ALJ's decision in this case is silent on an extremely large amount of medical evidence provided by the Plaintiff.  Although the ALJ has wide latitude

11

to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. In this case it appears the ALJ may have disregarded a significant portion of the medical record evidence without stating any reason and the Court is left to wonder if correct legal standards were applied in his analysis of the evidence.

Even if the record contains substantial evidence favorable to the Commissioner, that "may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached." *Russ v. Barnhart*, 363 F.Supp. 2d 1345, 1347 (M.D. Fla. 2005). Such is the case in this matter. Thus, the Court does not find the decision of the ALJ is based on substantial evidence and this case must be remanded to the Commissioner for reevaluation of the record as a whole.

### *VA Award of Non-Service Connected Disability Pension*

The ultimate responsibility to determine whether a claimant is disabled for Social Security purposes is held by the Commissioner. 42 U.S.C. § 405 (a),(b). A decision by any nongovernmental agency, or any other governmental agency, that a person is disabled is not binding on the Commissioner of Social Security. 20 C.F.R. §§ 404.1504, 404.1512(b)(5), 416.904, 416.912 (b)(5). However, "the findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight." *Bloodsworth v. Heckler*, 703 F.2d at 1241. Thus, the disability determinations of other governmental agencies, if presented, must be considered by the Social Security Administration when making its disability decisions. *See Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981);[9] *also see, Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984).

---

[9]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit

Plaintiff in this case submitted the decision of the Veterans Administration to award him a non-service connected disability pension (Tr. 22-33). ALJ Walker acknowledged the VA's determination in his August 23, 2007 decision, but provides no further commentary other than to note its existence (Tr. 17). Plaintiff contends the ALJ did not give the proper weight to VA's disability determination (P's Brief at 12-13).

The Eleventh Circuit has found that an award of disability benefits from the Veterans Administration should be given great weight. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam). In this case, the record contains evidence of Plaintiff's VA disability determination, but the ALJ failed to address it in his decision. Rather, the ALJ only cursorily mentions the determination with no discussion of the evidence itself or of the proper weight to be afforded such evidence. In *Rodriguez v. Schweiker*, the court found error where the ALJ mentioned the Veterans Administration disability rating for the plaintiff but "obviously refused to give it much weight." *Rodriguez v. Schweiker*, 640 F.2d at 686. As the ALJ in this case has failed to demonstrate any consideration of the VA's decision to award Plaintiff a non-service connected disability pension, the undersigned is constrained to conclude ALJ Walker refused to give any weight to the determination. Remand is necessary for the ALJ to apply the correct legal standard regarding the disability determination of another governmental agency. *Cf. Freese v. Astrue*, No. 8:06-CV-1839-T-EAJ, 2008 WL 1777722 (M.D. Fla. Apr. 18, 2008) (finding remand necessary when the ALJ mentioned but failed to discuss the Federal Employees Retirement System determination that the plaintiff was disabled); *see also Lampp v. Astrue*, No. 3:07-cv-93-J-TEM, 2008 WL 906641 (M.D. Fla.

---

handed down prior to the close of business on September 30, 1981.

Mar. 31, 2008) (finding the plaintiff's disability retirement from the Department of the Navy was entitled to consideration by the ALJ).[10]

### *Other Issues*

In reviewing the ALJ's decision in this case, the Court has noted at least two additional areas of concern, which the Commissioner should consider during the additional proceedings on remand.

First, a close review of the ALJ's decision reveals the ALJ engaged in sit and squirm jurisprudence. "Sit and squirm jurisprudence" is a phrase coined to reflect an ALJ's determination to deny a disability claim based on the claimant's failure to exhibit certain traits the ALJ has subjectively determined would exist if the claimant were truly disabled. *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (defining sit and squirm jurisprudence as an approach wherein an ALJ, who is not a medical expert, will arrive at an index of traits which he expects the claimant to manifest at the hearing and thereby deny the claim for disability if the claimant falls short of the index). Sit and squirm jurisprudence has been repeatedly condemned as an improper basis for determining a claimant's disability. *See Wilson v. Heckler*, 734 F.2d 513 (11th Cir. 1984); *Harwell v. Heckler*, 735 F.2d 1292 (11th Cir. 1984); *Norris v. Heckler*, 760 F.2d 1154 (11th Cir. 1985); *Johns v. Bowen*, 821 F.2d 551 (11th Cir. 1987); *McRoberts v. Bowen*, 841 F.2d 1077 (11th Cir. 1988).

---

[10]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

In this case, the ALJ improperly found, "the claimant lacked the general appearance of a person who might have been experiencing a prolonged or incapacitating disability; and there was no obvious evidence of any significantly limiting mental or emotional problems demonstrated during the course of the hearing." (Tr. 18.)  While an ALJ is permitted to make face to face observations about a claimant's demeanor during an administrative proceeding, the ALJ may not make a medical finding or substitute his observation for the medical evidence of record.  *Compare* SSR 96-7p,1996 WL 374186, *5 (S.S.A. Jul. 2, 1996) ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.") *with Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) ("[A]s a hearing officer [an ALJ] may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.").  In determining Plaintiff did not display traits indicative of a person with a prolonged or incapacitating disability, or of a person with significantly limiting mental or emotional problems, the ALJ crossed the line from mere observation of Plaintiff's demeanor to application of sit and squirm jurisprudence.  Although such findings may not be fatal to a decision in which it is obvious the ALJ considered all of the medical evidence submitted and relied on other factors in determining a claimant's credibility, use of sit and squirm jurisprudence has no place in an ALJ's analysis.  *Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985).  Upon remand, the ALJ is cautioned to refrain from making such conclusions.

Second, the Court is given pause to wonder how the ALJ's finding, "there is no

15

evidence of an impairment, or combination of impairment[s], the severity of what has lasted for a continuous period of not less than 12 months" (Tr. 18) is reconciled with his continued evaluation of Plaintiff's disability claims through the entire five step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1505, 416.905.

## IV. Conclusion

As it is impossible for the Court to tell if the ALJ applied the proper test in evaluating medical evidence and in weighing the disability determination of the Veterans Administration, this case must be remanded.  *See generally, Owens v. Heckler*, 748 F.2d 1511, 1515-16 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions).  All the medical evidence must be considered and weighed in accordance with the Regulations and prevailing case law, and Plaintiff's residual functional capacity must be reassessed.  On remand, the ALJ may desire to reopen the record and accept any additional evidence deemed appropriate, which may include vocational testimony in light of the reassessed RFC.  The ALJ may not, however, selectively rely on only a limited part of the record, while ignoring other parts.  *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

An ALJ is required to build an accurate and logical bridge from the evidence to his conclusion.  *See Baker v. Barnhart*, Case No. 03-C-2291, 2004 WL 2032316, *8 (N.D. Ill. Sept. 9, 2004).  The ALJ must also "sufficiently articulate" his assessment of the evidence to assure the court that he has considered the important evidence–so that the court may trace the path of the ALJ's reasoning to his conclusion.  *Id.*  After review of the ALJ's

decision and the administrative record, the Court cannot find the ALJ has built the requisite accurate and logical bridge from the evidence to the conclusion.

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED** and the case is **REMANDED with instructions**.

Plaintiff is cautioned that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

## V. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006); *compare* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of September, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record