**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PAUL SMITH,

      Plaintiff,

vs.                                CASE NO. 3:08-cv-406-J-16TEM

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

      Defendant.

_____

## ORDER

    This case is before the Court on Plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (Doc. #24, Motion), filed September 26, 2013. Plaintiff's counsel in this Social Security disability case, F. Emory Springfield, seeks compensation under a contingency fee contract which provides for attorney fees equal to twenty-five percent of the past due benefits Plaintiff was awarded in the case (Doc. #24, Ex. B). Defendant's counsel does not oppose this motion. *See* Doc. #24 at 1.

    Plaintiff's counsel represented Plaintiff in a civil action before this Court for judicial review of the Commissioner's unfavorable decision. Doc. #24 1. This Court reversed the Commissioner's decision and remanded the case for further proceedings. *See* Doc. #22. Upon remand, an Administrative Law Judge (ALJ) issued another unfavorable decision. The Appeals Council took review of that unfavorable decision and remanded it to another

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ALJ who issued a favorable decision. *See* Doc. #24 at Ex. A. Pursuant to the contingent Social Security Agreement entered into by Plaintiff and his attorney, Plaintiff's counsel now seeks a fee of $26,820.25, representing 25% of Plaintiff's past due benefits.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002) (citations omitted). "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" *Id.* at 807. The Court's section 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases. *Id.* at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. *Id.* at 808. Other key considerations include the character of the representation and the results the representation achieved. *Id.* For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. *Id.*

The court has reviewed the contingent fee contract and has considered the character of the representation and the results the representative achieved and finds that

the contingent fee contract is reasonable in this case.[2]

Ordinarily, to prevent "double-dipping" the Court would direct Plaintiff's counsel to either refund the EAJA award to Plaintiff upon receipt of the 406(b) award, or alternatively, the Court would deduct that sum from counsel's recovery. However, in this instance such action is inappropriate as Plaintiff did counsel did not receive EAJA fees. Further, the record reveals Plaintiff's counsel represented Plaintiff at the administrative level, but is silent on whether Plaintiff's counsel received 406(a) fees for his work. The Court, therefore, will not deduct 406(a) fees from the amount due to Plaintiff's counsel, but reminds counsel that his award of attorney fees is not to exceed 25% of the past-due benefits, inclusive of 406(a) fees, 406(b) fees and EAJA fees.

Accordingly, upon due consideration, it is hereby **ORDERED:**

1.    Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (Doc. #24) is **GRANTED**. The Court finds that a reasonable attorney's fee for Plaintiff's counsel, F. Emory Springfield, for representation of Plaintiff in this case is $26,820.25. The Commissioner shall now pay F. Emory Springfield the sum of $6,000 from past-due benefits in escrow in this case. If Plaintiff's counsel experiences difficulty in collecting the remainder of his fee from Plaintiff, then the Commissioner shall withhold benefits from the

---

[2] The Court has also taken into account that the Commissioner does not object to the instant fee request. Thus, this decision should not be viewed as precedent in a case where the rate is contested.

Plaintiff and his family to the extent of Plaintiff's counsel's approved fee.[3]

2.      The Clerk shall enter Judgment accordingly.


**DONE AND ORDERED** at Jacksonville, Florida this <u>21st</u> day of October, 2013.



_Thomas E. Morris_

THOMAS E. MORRIS
United States Magistrate Judge


Copies to all counsel of record
        and *pro se* parties, if any

---

[3] The Social Security Administration inadvertently withheld only $6,000 of Plaintiff's past-due benefits in escrow to pay attorney fees in this case. The Administration subsequently alerted Plaintiff to their mistake, and advised Plaintiff that if Plaintiff's counsel experiences difficulty collecting the difference, then the Administration will withhold the amount due from Plaintiff's benefits and Plaintiff's children's auxiliary benefits (Doc. #25).